IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON O'NEILL | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-04210 |
| | : | |
| SUPERINTENDENT CLOSE et al. | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                        **July 29, 2015**

      Four years after his petition for a writ of habeas corpus was denied, petitioner Jason O'Neill filed this motion pursuant to Rule 60(b)(6). He argues that the denial was due to legal error, specifically, that his habeas petition should have been stayed pending exhaustion of his state court remedies. Because O'Neill has not provided any extraordinary circumstances justifying the four-year delay in filing his motion, we shall deny it as untimely.

## Background

      After finding O'Neill guilty on three counts of first-degree murder, two counts of aggravated assault, one count of arson, two counts of reckless endangerment and one count of criminal mischief in the Court of Common Pleas of Philadelphia County, Pennsylvania, the jury fixed the murder penalty at life imprisonment.[1] On October 5, 2001, the trial judge formally sentenced O'Neill to two consecutive terms of life imprisonment, three consecutive terms of ten to twenty years imprisonment, a consecutive term of three and one-half to seven years imprisonment, and two

---

[1] Report and Recommendation at 1 (Doc. No. 18).

concurrent terms of one to two years imprisonment.[2]  On June 9, 2003, the Pennsylvania Superior Court affirmed the judgment.[3]  On February 27, 2004, the Pennsylvania Supreme Court denied O'Neill's petition for allowance of appeal.[4]

On July 22, 2004, O'Neill filed a *pro se* petition under the Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. § 9541 (1988), alleging ineffective assistance of trial counsel.[5]  On October 1, 2006, newly appointed counsel filed an amended petition raising the same ineffective assistance of trial counsel claim that O'Neill had raised in his *pro se* petition.[6]  The PCRA court dismissed the petition on June 22, 2007.[7]  The Pennsylvania Superior Court affirmed the dismissal on July 24, 2009.[8]  The Pennsylvania Supreme Court denied O'Neill's petition for allowance of appeal on March 9, 2010.[9]

On June 21, 2010, O'Neill filed a second PCRA petition again alleging ineffective assistance of counsel.[10]  In his petition, he presented new claims.[11]  He claimed that his trial counsel failed to: (1) appeal an evidentiary ruling; (2) raise a diminished capacity

---

[2] *Commonwealth v. O'Neill,* No. CP-51-CR-0903901-1996, at 4-5 (C.P. Phila. Sept. 17, 1996).

[3] Report and Recommendation at 2.

[4] *Id.* at 2.

[5] *Id.* at 2, 9.

[6] *Id.* at 2, 9. In the amended PCRA, O'Neill claimed that trial counsel failed to object to hearsay testimony by George Houston and Rebecca Spano concerning statements made to them by Michael Sheridan. Resp. to Pet. for Writ of Habeas Corpus ("Resp. to Pet.") Ex. D at 8 (Doc. No. 16-4).

[7] Resp. to Pet. for Writ of Habeas Corpus ("Resp. to Pet.") at 2 (Doc. No. 16).

[8] Report and Recommendation at 2.

[9] *Id.* at 2.

[10] Mem. by Def. Ex. A (Mot. for Post Conviction Collateral Relief) at 1 (Doc. No. 17).

[11] *Id.*

defense; (3) challenge a witness's credibility and motive for testifying falsely; and, (4) raise the insufficiency of the evidence.[12] On August 19, 2013, the PCRA court dismissed his second petition as untimely.[13] The Pennsylvania Superior Court affirmed the dismissal on December 5, 2014.[14]

While his second PCRA petition was pending in the state court, O'Neill filed a habeas corpus petition under 28 U.S.C. § 2254 on August 19, 2010.[15] His habeas petition asserted four grounds: (1) trial counsel was ineffective because he failed to object to inadmissible hearsay; (2) the prosecutor engaged in misconduct when he commented about O'Neill's burden to call witnesses and accused him of attempting to intimidate a witness; (3) the trial court erred in denying him the opportunity to cross-examine a witness at a previous hearing; and, (4) allowing the Commonwealth to introduce inadmissible evidence.[16] On May 4, 2011, O'Neill filed a motion to stay his pending habeas petition until his second PCRA was decided by the state court.[17]

---

[12] *Id.* at 1-4. O'Neill claimed that trial counsel failed to appeal the ruling concerning the inadmissible hearsay testimony of George Houston and Rebecca Spano. *Id.* at 1. He claimed that counsel failed to raise a diminished capacity claim regarding the effects drugs and alcohol has on the ability to form intent. *Id.* at 2. He also claimed that trial counsel failed to challenge the credibility and motive of Michael Sheridan's testimony. *Id.* at 2-4.

[13] Resp. to Pet'r's Mot. Ex. A at 2 (Doc. No. 34-1). Exhaustion is not an issue in this case. Nonetheless, O'Neill states that he has exhausted his state court remedies because he appealed the dismissal of his second PCRA petition on September 11, 2013. *Id.* at 2; Pet'r's Mot for Relief from J. Pursuant to Fed.R.Civ.P. 60(b)(6) ("Pet'r's Mot.") at 3 n.1 (Doc. No. 31).

[14] Resp. to Pet'r's Mot. Ex. A at 3.

[15] Pet. for Writ of Habeas Corpus ("Pet.") (Doc. No. 1).

[16] Pet. at 9-10.

[17] Pet'r's Mot. to Stay (Doc. No. 22). While O'Neill's motion to stay was never denied, the Court overruled O'Neill's objections to the Report and Recommendation, which included an argument for his motion to stay. Order (Doc. No. 25); Pet'r's Objections to the Report and Recommendation at 12 (Doc. No. 24).

Magistrate Judge Rueter recommended the habeas petition be denied.[18] He concluded that O'Neill's third claim was procedurally defaulted and his fourth claim was not cognizable in a federal habeas proceeding.[19] Adopting the Report and Recommendation, we denied O'Neill's habeas corpus petition on May 18, 2011.[20] The Third Circuit denied a certificate of appealability.[21]

Four years later, on May 18, 2015, O'Neill filed his 60(b)(6) motion.[22] He asserts that we erred in denying his habeas petition "without first granting [his] motion for a stay and abey to permit [him] to exhaust grounds three (3) and four (4) in State Court."[23] He asks for review of these claims on the merits.[24] The respondents contend that O'Neill's motion must be denied because it is untimely and his claims have already been fully litigated.[25]

---

[18] Report and Recommendation at 1.

[19] *Id.* at 20, 22.

[20] Order (Doc. No. 25).

[21] USCA Order (Doc. No. 30).

[22] Pet'r's Mot.

[23] *Id.* at 2. Ground three asserted that the trial court erred when it did not exclude certain testimony, which should have been excluded "because [d]efense did not have full and fair opportunity to cross-examine [the] witness at the previous hearing." Pet. at 9. While O'Neill does not elaborate on whose testimony should have been excluded, it appears to be the testimony of Michael Reagan. Report and Recommendation at 18-19. Ground four asserted that the trial court erred when it allowed the Commonwealth to introduce inadmissible evidence, "despite Orders prohibiting it from doing so." Pet. at 9-10. The Report and Recommendation suggests that O'Neill's claim concerns an Order by the Superior Court of Pennsylvania precluding the prosecution from presenting evidence involving Ms. Goldberg or Mr. Davane and witness intimidation. Report and Recommendation at 20-21.

[24] Pet'r's Mot. at 3.

[25] Resp. to Pet'r's Mot. at 1, 4.

**Analysis**

A Rule 60(b)(6) motion must be filed "within a reasonable time."[26] Fed. R. Civ. P. 60(c)(1); *Moolenaar v. Gov't of Virgin Islands.,* 822 F.2d 1342, 1346 (3d Cir. 1987). A motion filed under Rule 60(b)(6) more than one year after judgment is final is generally untimely unless the movant demonstrates "exceptional circumstances." *See Ackermann v. United States,* 340 U.S. 193, 202 (1950) (finding four-year delay required petitioner to show extraordinary circumstances); *Budget Blinds Inc. v. White,* 536 F.3d 244, 255 (3d Cir. 2008). Therefore, when the petitioner files a Rule 60(b)(6) motion more than one year after the judgment was entered, he bears the "heavy burden" of demonstrating exceptional circumstances excusing his delay and establishing his entitlement to relief. *Gordon v. Monoson,* 239 F. App'x 710, 713 (3d Cir. 2007); *Mayberry v. Maroney,* 558 F.2d 1159, 1163 (3d Cir. 1977).

Here, the judgment became final when O'Neill's habeas petition was denied on May 18, 2011. He did not file his Rule 60(b)(6) motion until four years later on May 18, 2015. Such a long delay is not reasonable. Absent a showing of extraordinary circumstances, O'Neill's motion is untimely. *See Moolenaar,* 822 F.2d at 1348 (finding Rule 60(b) motion brought almost two years after order was issued was untimely); *United States v. 1323 S. 10th St.,* No. 915848, 1998 WL 470161, at *2 (E.D. Pa. Aug. 11, 1998) (concluding that four-year delay between Order and Rule 60(b)(6) motion was unreasonable).[27]

---

[26] "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b)(c)(1).

[27] "In order to grant relief under Rule 60(b)(6), a party's failure to act must be excused by an extraordinary situation—more than mere neglect, inadvertence, indifference, or careless disregard of circumstances." *Ethan Michael Inc. v. Union Twp.,* 392 F. App'x 906, 910 (3d Cir. 2010).

O'Neill offers no excuse for his delay. Nor can we discern any. O'Neill has not presented any extraordinary circumstances that indicate O'Neill is "faultless in the delay," permitting him to seek relief after more than one year. *Ethan Michael Inc. v. Union Twp.,* 392 F. App'x 906, 910 (3d Cir. 2010).

O'Neill argues that we committed legal error when we denied his motion to stay. Even if this were true, it would not warrant reopening the judgment after four years because O'Neill has not demonstrated extraordinary circumstances that would justify relief under Rule 60(b)(6). A Rule 60(b) motion asserting legal error alone does not constitute an "extraordinary circumstance." *Pridgen v. Shannon,* 380 F.3d 721, 728 (3d Cir. 2004); *Martinez-McBean v. Gov't of Virgin Islands,* 562 F.2d 908, 912 (3d Cir. 1977).

Staying O'Neill's habeas petition until the state court ruled on his second PCRA petition would not have altered the final result. The state court dismissed his claims as untimely. Thus, even if the federal habeas proceeding had been stayed, the habeas petition would have been deemed untimely once the state court decided his PCRA petition.

## Conclusion

O'Neill has not offered any excuse for the four-year delay in filing his motion. Nor has he demonstrated "extraordinary circumstances" warranting relief. Therefore, we shall deny his motion as untimely.